L. CHRISTOPHER ROSE, ESQ.
Nevada Bar No. 7500
Email: lcr@juww.com
TYLER N. URE, ESQ.
Nevada Bar No. 11730
Email: tnu@juww.com
JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Pkwy., #1600
Las Vegas, Nevada 89169
Telephone:   (702) 699-7500
Facsimile:   (702) 699-7555

Attorneys for Plaintiffs Sandy Cooper
and Garden Meadow, Inc.

UNITED SATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDY COOPER, an individual, GARDEN MEADOW, INC., a Connecticut corporation,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>NINGBO XINGQIANG METALLIC PRODUCTS CO., LTD., a Chinese company,<br><br>　　　　　　Defendant. | CASE NO.   2:12-cv-00698<br><br>**DEFAULT AND DEFAULT JUDGMENT** |

On April 26, 2012, Plaintiffs Garden Meadow, Inc. ("Garden Meadow") and Sandy Cooper (together, "Plaintiffs") filed their Verified Complaint [Doc. #1] against Defendant Ningbo Xingqiang Metallic Products Co. Ltd. ("Defendant") for copyright infringement. Defendant was served with the Verified Complaint, an Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction [Doc. #2], and a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction [Doc. #8] via facsimile and email on April 27, 2012.

The Court held a Preliminary Injunction Hearing on May 8, 2012. There being no opposition from Defendant, and this Court finding that Defendant was actually and willfully engaged in committing and would continue to commit acts of copyright infringement, the Court entered a Preliminary Injunction Order [Doc. #15].

F:\13-03-18 Revised Def and Def Jgmt.doc

Plaintiffs also attempted to effectuate service pursuant to the Convention on Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") by transmitting the service documents[1] to the Ministry of Justice for the People's Republic of China (the "Ministry") beginning in June 2012.  The Court finds that Plaintiffs have complied with the service methods provided for in the Convention, Plaintiffs have been diligent in their efforts in serving the documents, including resubmitting the service documents three additional times, and despite Plaintiffs making every reasonable effort to obtain service through the Ministry, more than six months has elapsed and Plaintiffs have still not received a certificate of service.  Under these circumstances, this Court may enter judgment pursuant to Article 15 of the Hague Convection.  Plaintiffs also served the service documents again on Defendant via Federal Express on February 15, 2013.

Defendant has not appeared in this action and has not filed a response to the Complaint or any other pleading.  After reviewing all pleadings and papers on file in this matter, it is hereby:

ORDERED, ADJUDGED, and DECREED that Defendant's default be entered upon the record for failing to respond to the Complaint and Pursuant to the Article 15 of the Hague Convention; and

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment is hereby entered for Plaintiffs and against Defendant in the sum of $2,850,000 for compensatory damages.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment is hereby entered for Plaintiffs and against Defendant in the sum of $26,254.18 for attorney fees and costs incurred in this matter.

---

[1] These documents included 1) Form USM-94; 2) Issued Summons to Defendant; 3) two copies of the Verified Complaint in English; 4) two copies of the verified complaint in Chinese; 5) two copies the Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction; 6) the Preliminary Injunction Order; and 7) an international money order in the amount of $95.

F:\13-03-18 Revised Def and Def Jgmt.doc

1    IT IS FURTHER ORDERED, ADJUDGED, and DECREED that judgment is hereby entered for Plaintiffs and against Defendant in the sum of $4,702.50 for prejudgment interest.

   IT IS FURTHER ORDERED, ADJUDGED, and DECREED that Defendant and its servants, officers, agents, employees, attorneys, and all persons acting in concert, participation, or privity with them, be singly and collectively permanently enjoined from copying, making, manufacturing, using, possessing, selling, offering for sale, disclosing, exhibiting, reproducing, creating derivative works from, distributing, shipping, licensing, developing, delivering, importing, marketing, advertising, displaying, or promoting any products that are substantially similar to the total concept and feel of any of Plaintiffs' copyrighted works, including, but not limited to, works incorporating a ball with a distinctive foggy film-like look when unilluminated and, when illuminated, diffused colored or white light which emanates from within the ball, which is incorporated into decorative design configurations (e.g. plants, animals, insects, birds, fish, suns, and moons) made from metal, or incorporating decorative exterior lantern housings in certain shapes (e.g. circles, ovals, rectangles, pear shapes, cylinders, plants, animals, birds, and fish) with distinctive sculptural metalwork having a wrought iron appearance, in frilly, whimsical design configurations which constitute the exterior portions with a distinctive foggy film-like look when unilluminated and, when illuminated, diffused colored or white light which emanates from within the lantern, or works in any other way substantially similar to the works protected by U.S. Copyright Registration VA-1-425-762, VAu-1-002-280, VA-1-668-335, VA-1-668-337, VA-1-747-291, VA 1-684-990, VAu 1-036-279, VA 1-341-698, VA 1-370-959, VA 1-370-956, VA 1-370-955, VA 1-370-957, VA 1-425-753, VA 1-670-212, VAu 967-187, VA 1-667-902, VA 1-671-

/ / /

/ / /

/ / /

F:\13-03-18 Revised Def and Def Jgmt.doc

1  412, VA 1-670-132, VA 1-775-716, copies of which registrations are incorporated herein
2  by reference and attached hereto.

    IT IS SO ORDERED.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

                                    DATED: March 27, 2013

F:\13-03-18 Revised Def and Def Jgmt.doc